T.C. Memo. 1999-234

UNITED STATES TAX COURT

OLIVER FAMILY FOUNDATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8346-96X.                    Filed July 19, 1999.

William J. Tully (an officer), for petitioner.

Kirk M. Paxson, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Petitioner petitioned the Court to declare
whether petitioner qualifies for exempt status under section
501(c)(3).  See sec. 7428.  The parties dispute whether
petitioner meets the operational test of section 1.501(c)(3)-
1(c), Income Tax Regs.  We hold it does not.  Unless otherwise
stated, section references are to the applicable versions of the

Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

We decide this case on the basis of the entire administrative record, see Rule 217(b)(1), which is incorporated herein by this reference. Petitioner's principal place of business was in Ontario, California, when its petition was filed.

William J. Tully is a promoter of tax-exempt entities, and he was retained by William Shelby Oliver to form a tax-exempt foundation under the control of the Oliver family. Mr. Tully formed a corporation named "Oliver Family Foundation" (petitioner herein). Petitioner's officers are Mr. Tully (vice president), William Shelby Oliver (president), David S. Oliver (vice president), Evelyn G. Oliver (secretary), and Robert W. Oliver (treasurer). Petitioner's officers also serve as its directors.

Mr. Tully filed articles of incorporation for petitioner with the Nevada secretary of state, and he prepared bylaws for petitioner. The articles state that petitioner's primary purpose is "TO PROVIDE FINANCIAL ASSISTANCE FOR THE NEEDY." The bylaws state that petitioner's primary purpose is that set forth in the articles. The bylaws further state that "Nothing herein contained shall be construed to prevent any Director from receiving compensation for services to the Corporation rendered in a capacity other than Director."

On February 22, 1994, petitioner filed with the Commissioner a Form 1023, Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code (application), in which it sought recognition as a tax-exempt entity. The application reported that petitioner's activities were: (1) Supplying money, goods, or services to the poor; (2) gifts or grants to individuals; and (3) services for the aged. The information that petitioner provided to the Commissioner on and with the application was vague as to the specifics of these activities. The application indicated that petitioner had not currently begun any activity, except for organizational activities. The application stated, as to sources of financial support, that

> At the present time this organization does not have any procedure for the generation of income other than * * *

>      *    *    *    *    *    *    *

> (a) Direct donations from the general public at large,

> (b) Larger sums from various fund raising activities,

> (c) A possible "Thrift Store" type of operation, and

> (d) Donations of property (both personal and real) which can be turned into cash, and

> (e) Various others as may be recommended and implemented by the organization.

On June 14, 1994, the Commissioner mailed petitioner a letter seeking clarification of the information included on and with the application. The letter specified the information that the Commissioner needed to rule on petitioner's request for exempt status and listed the name and phone number of a person at the Internal Revenue Service to contact with any questions.

On July 11, 1994, William Shelby Oliver responded to the Commissioner's letter of June 14, 1994. The response gave vague answers to the questions set forth in the Commissioner's letter and did not explain in detail petitioner's proposed activities or operation.

On September 20, 1994, the Commissioner mailed petitioner another letter seeking specificity as to petitioner's organization, activities, and operation. The letter, citing and quoting Rev. Proc. 90-27, sec. 5.02, 1990-1 C.B. 514, 515, stated that

> "Exempt status will be recognized in advance of operations if proposed operations can be described in sufficient detail to permit a conclusion that the organization will clearly meet the particular requirements of the section under which exemption is claimed. <u>A mere restatement of purposes or a statement that proposed activities will be in furtherance of such purposes will not satisfy this requirement</u>. The organization must fully describe the activities in which it expects to engage, including the standards, criteria, procedures or other means adopted or planned for carrying out the activities, the anticipated sources of receipts, and the nature of contemplated expenditures. <u>Where the organization cannot demonstrate to the satisfaction of the Service that its</u>

<u>proposed activities will be exempt, a record of actual
operations may be required before a ruling or
determination letter will be issued</u>.  * * *"  [Emphasis
added in the letter.]

The letter asked for specific information that the Commissioner
needed to rule on petitioner's request for exemption and listed
the name and phone number of the person at the Internal Revenue
Service to contact with any questions.

By way of an undated letter, petitioner responded to the
Commissioner's letter of September 20, 1994.  This response was
no more informative than the prior response as to the specifics
of petitioner's organization, activities, or operation.  The
latest response repeated many of the statements set forth in the
prior response.

On December 13, 1994, the Commissioner issued to petitioner
a 30-day letter reflecting his determination that petitioner did
not qualify under section 501(c)(3) because it failed the
operational test of section 1.501(c)(3)-1(c), Income Tax Regs.
One month later, petitioner notified the Commissioner that it was
appealing that determination, and 6 months after that, Mr. Tully
met with one of the Commissioner's Appeals officers to discuss
petitioner's case.  On or about August 10, 1995, petitioner filed
with the Commissioner a second Form 1023.  Petitioner's second
Form 1023 stated that

the primary purpose of the Oliver Family Foundation,
for certification on its application to the IRS as a

non-profit organization be amended, as follows: The primary purpose of the Oliver Family Foundation shall be to fund a chair (full professorship) at Overlin [sic] College, Oberlin, Ohio, in any department that the college so names.

*     *     *     *     *     *     *

all fund raising carried on by the foundation, in the future, be raised within the immediate family, their friends and business associates, and not from members of the public at large.

The second Form 1023 did not list specifics as to petitioner's operations, including the manner in which petitioner would effect its primary purpose. The second Form 1023 did not address any safeguards against private inurement.

On November 8, 1995, the Commissioner mailed a letter to petitioner explaining that it had not yet described its operations in sufficient detail. Three months later, the Commissioner issued to petitioner a final adverse determination letter stating:

Our adverse determination was made for the following reason(s):

You did not meet the operational test under section 1.501(c)(3)-1 of the Income Tax Regulations. In order to qualify under Code section 501(c)(3), an organization must be both organized and operated exclusively for one or more purposes specified in that section. You did not describe your proposed activities in sufficient detail as required by section 1.501(c)(3)-1 of the Regulations.

## Discussion

We must decide whether petitioner qualifies for exempt status under section 501(c)(3). We have recently decided the same issue adversely to six other entities formed and represented by Mr. Tully, in cases with administrative records which were virtually identical to the administrative record at hand. See Hart Found. v. Commissioner, T.C. Memo. 1999-228; Resource Management Found. v. Commissioner, T.C. Memo. 1999-224; Share Network Found. v. Commissioner, T.C. Memo. 1999-216; Tamaki Found. v. Commissioner, T.C. Memo. 1999-166; Tate Family Found. v. Commissioner, T.C. Memo. 1999-165; Larry D. Bowen Family Found. v. Commissioner, T.C. Memo. 1999-149. In each of those cases, we held that the administrative record upon which the case was to be decided did not contain enough evidence to support a finding that the taxpayer met the operational test of section 1.501(c)(3)-1(c), Income Tax Regs. We noted that each of the taxpayers had failed to prosecute its case properly, including the fact that none of the taxpayers had filed a brief, as ordered by the Court and required by Rule 151, or had explained its failure to do so.

We apply the reasoning of those cases and hold that petitioner fails to qualify for exempt status under section 501(c)(3).  Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.